UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MCCONNELL PORTER,

               Plaintiff,         Civil Action No. 18-cv-10690
                                               Honorable Terrence G. Berg
v.                                           Magistrate Judge David R. Grand

LORI CONANT and ROBERT
FALOR,

               Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [13], AND TO ALLOW PLAINTIFF TO FILE AN AMENDED COMPLAINT

This is a prisoner civil rights case brought by *pro se* plaintiff McConnell Porter ("Porter") against defendants Lori Conant ("Conant") and Robert Falor ("Falor") (collectively, "Defendants"), both of whom are employees of the Michigan Department of Corrections ("MDOC"). In short, Porter alleges that Defendants improperly conspired to change his medical detail regarding a mobility assistance device from what his doctor had ordered. In his complaint, Porter expressly indicates that he is suing Defendants only in their "official" capacities. **(ECF No. 1, PageID.2–3.)**

On August 26, 2019, Defendants filed a motion for summary judgment arguing (1) that they are entitled to Eleventh Amendment immunity as to Porter's official capacity claims, and (2) that Porter failed to properly exhaust his claims. **(ECF No. 13.)** Porter filed a response to this motion on October 21, 2019. **(ECF No. 14.)** No reply was filed. An Order of Reference was entered on May 31, 2019, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). **(ECF No. 7.)** Generally, the Court will not hold a hearing on a motion in a civil case in

1

which a party is in custody.  *See* E.D. Mich. L.R. 7.1(f).  Here, the Court finds that the facts and legal issues are adequately presented in Conant and Falor's motion papers and on the record, and it declines to order a hearing at this time.

    **A.**    **Background**

Porter is a MDOC prisoner, who is currently confined in the Parnall Correctional Facility ("SMT") in Jackson, Michigan.  **(ECF No. 1, PageID.9.)**  He brings a civil rights action under 42 U.S.C. § 1983 against MDOC employees, Conant and Falor.  **(*Id*. at PageID.4.)**  Porter's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1).  **(ECF No. 5, PageID.38.)**

Porter's only remaining claim against the Defendants relates to his allegation that they conspired to improperly change his medical detail.  **(ECF No. 1, PageID.4–7.)**[1]  More specifically, Porter alleges that Falor and Conant convinced a doctor to change his medical detail to require him to use a walker instead of a wheelchair in the "chow hall."  **(*Id*. at PageID.7.)**  Porter alleges that he is a diabetic, who requires use of a wheelchair.  **(*Id*. at PageID.4.)**  It is unclear exactly what rights Porter is claiming the Defendants violated, but in light of his *pro se* status, the Court construes these allegations as an attempt by Porter to assert a claim under the Eighth Amendment.

Defendants Conant and Falor are correctional officers at the SMT.  **(ECF No. 1 PageID.2–3.; ECF No. 13, PageID.59.)**  In his complaint, Porter was asked to identify "whether you are bringing this complaint against [Defendants] in their individual capacity or official capacity, or both."  **(ECF No. 1, PageID.2–3.)**  As to each Conant and Falor, Porter answered that he was suing them only in their official capacities.  **(*Id.*)**  He also indicated that he was seeking only monetary

---

[1] Porter had also brought claims alleging that Defendants violated his rights under the Health Insurance Portability and Accountability Act and that they engaged in racial profiling.  However, on May 31, 2019, the Honorable Terrence G. Berg dismissed these claims.  **(ECF No. 6.)**

2

damages.  (*Id.* **at PageID.8.**)

Conant and Falor moved for summary judgment on Porter's remaining claim, arguing that the Eleventh Amendment bars claims against MDOC employees in their official capacities. **(ECF No. 13, PageID.64.)**  They also argue that Porter failed to exhaust his administrative remedies under 42 U.S.C. § 1997(e)(a). **(*Id*. at PageID.65.)**

### B.     Standard of Review

Summary judgment is proper if the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A dispute is "genuine" if a reasonable jury could return a verdict in favor of the nonmoving party, and a fact is "material" if it has the potential to affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Viewing the evidence in a light most favorable to the nonmoving party, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id*. at 251–52.

Courts must liberally construe complaints filed by *pro se* litigants.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).  Such litigants must nevertheless satisfy the basic pleading requirements that apply in all federal cases, and the leniency granted to them is not boundless.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  The plaintiff must plead sufficient facts to show that each individual defendant committed a redressable legal wrong.  *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court shall *sua sponte* dismiss an *in forma pauperis* complaint "at any time" if it determines that the action is frivolous

or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c)(1). *See also*, 28 U.S.C. § 1915(e)(2)(B) (imposing same requirements for complaints filed *in forma pauperis*).

**C.     Analysis**

    *i.     Eleventh Amendment Sovereign Immunity*

Conant and Falor argue that Eleventh Amendment sovereign immunity bars Porter's official capacity claims against them. **(ECF No. 13, Page ID.64.)** The United States Supreme Court has long held that, unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity, the Eleventh Amendment bars suit against a state in federal court. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *see Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996) (reaffirming *Hans*). This immunity is extended to state officials sued in their official capacity for monetary damages since the action, in essence, is one for recovery of money from the state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Additionally, § 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 343 (1979). Thus, a § 1983 claim for monetary relief against a state official sued in her official capacity is barred by the Eleventh Amendment. *Edelman*, 415 U.S. at 663. Eleventh Amendment immunity clearly applies to claims for monetary damages against MDOC employees in their official capacities. As the Honorable Robert H. Cleland recently explained:

> Plaintiff's complaint against certain defendants must be dismissed, in part, based on immunity. Plaintiff sues the MDOC and several MDOC defendants in their official capacities for monetary damages. The Eleventh Amendment, however, bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate

4

> state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Additionally, Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Thus, Plaintiff's claims for monetary damages against the MDOC and MDOC employees sued in their official capacities must be dismissed because these defendants are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545.

*J.R. Pettway v. Michigan Dept. of Corrections*, No. 19-11201, 2019 WL 2369281, at *2 (E.D. Mich. June 5, 2019). *See also McCoy v. Michigan*, 369 Fed.Appx. 646, 653–54 (6th Cir. 2010).

For these reasons, Defendants are entitled to summary judgment as to Porter's claims against them in their official capacities for monetary relief. As those are the only claims stated in Porter's complaint, had he said nothing more about the matter in his summary judgment response brief, this entire case would be concluded. However, in his response, Porter correctly notes that state correction officers can be sued "for damages in their individual capacities, and for declaratory or [prospective] injunctive relief in their official capacities." **(ECF No. 14, PageID.93.)** *See S.A. Restaurants, Inc. v. Deloney*, 909 F. Supp. 2d 881, 889 (E.D. Mich. 2012) ("state defendants may be sued under section 1983 in their individual capacities for money damages." (citing *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003)); *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017) (noting that an exception to the sovereign immunity doctrine "allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations . . .") (citing *Ex parte Young*, 209 U.S. 123 (1908)). Given that Porter's complaint specifies that his claims are asserted against Defendants in their "official capacities" only, and that he is seeking only monetary damages, and in light of Porter's *pro se* status, the Court will construe his assertions as a request for leave to amend his complaint. Because

5

"[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(b), and because this case is in its infancy, Porter should be given an opportunity to amend his complaint to clarify the nature of his claims and the relief he is seeking.

      *ii.*     *Exhaustion*

Conant and Falor's second argument is that Porter's claim against them should be dismissed because he failed to properly exhaust administrative remedies under the PLRA. **(ECF No. 13, PageID.65.)** Specifically, they argue that Porter failed to file a grievance related to his changed medical detail that he exhausted through all three steps of the MDOC's grievance procedure. (***Id*. at PageID.70.**) In response, Porter argues that he did file and properly exhaust a grievance against Conant and Falor related to his changed medical detail. **(ECF No. 14, PageID.93–94.)** Porter identifies this grievance as Grievance No. SMT-17-08-1068-17Z (the "17Z Grievance"). **(*Id.* at PageID.86, 93.)** While Porter contends that he attached the 17Z Grievance to his response brief, it does not appear on the docket. Defendants did not file a reply brief disputing Porter's substantive contention. Nor did they provide a copy of the 17Z Grievance.

Under the PLRA, a prisoner may not bring an action, "under [§ 1983] or any other Federal law," to challenge his conditions of confinement until all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). This "exhaustion" requirement serves two main purposes: it promotes efficiency by encouraging the resolution of claims at the agency level before litigation is commenced, and it protects administrative authority by allowing the agency an opportunity to correct its own mistakes before being hauled into federal court. *See Woodford*, 548 U.S. at 89. The Supreme Court has held that this "exhaustion requirement requires proper exhaustion." *Id*. at 93. Proper exhaustion requires "compliance with an agency's deadlines and other critical procedural rules." *Id*. at 90. Failure to

6

exhaust is an affirmative defense that must be raised by a defendant, and on which the defendant bears the burden of proof. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Vandiver v. Corr. Med. Servs., Inc.*, 326 F. App'x 885, 888 (6th Cir. 2009). In determining whether a plaintiff has properly exhausted his claim, the only relevant rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 200.

In Michigan's correctional facilities, prisoner grievances are governed by MDOC Policy Directive 03.02.130, entitled "Prisoner/Parolee Grievances" (the "Policy"). **(ECF No. 13, PageID.68.)** A state prisoner must first complete the process outlined in the Policy – including pursuing a grievance through all three steps of the grievance process – before he can file a lawsuit challenging the alleged unlawful conduct. **(*See id*. at PageID.68–70.)** The Policy provides that if a prisoner cannot resolve his dispute with the staff member involved, he has five business days to file a Step I grievance. **(*Id*. at PageID.68–69.)** If the prisoner is dissatisfied with the Step I response, he may submit a grievance appeal to the Step II Grievance Coordinator within ten business days after receipt of the Step I response, or if no timely response is received, within ten business days of the date the response was due. **(*Id*. at PageID.69.)** If the grievant is dissatisfied with, or does not receive, a Step II response, he has ten business days within which to file a final appeal at Step III. **(*Id*.)** Again, an inmate may only pursue a claim in court if he has complied with his obligations at each of these three steps.

Conant and Falor argue that "Porter's remaining claim arose two months after July 28, 2017, i.e., sometime in late September 2017." **(ECF No. 13, PageID.70.)** They provide a Step III Grievance Report that "shows that [Porter] did not pursue to Step III any grievances arising out of SMT between late September 2017 and the end of 2017." **(*Id.*; ECF No. 13-3.)** Defendants conclude from this that Porter must not have filed a grievance related to his changed medical detail,

7

or at least that he must not have filed one that was properly exhausted.

Defendants' argument appears to be based on the following allegation in Porter's complaint:

> C. What date and approximate time did the events giving rise to your claim(s) occur?
> July 28 2017 Lunch trm Change my detail happen two month later

**(ECF No. 1, PageID.6.)** It is impossible from this vague allegation and the Step III Grievance Report for the Court to conclude that Porter did not properly exhaust a grievance related to his medical detail change. First, although Defendants' interpretation of the allegation is reasonable, the allegation itself is unclear, and was made in response to a request for "approximate" dates. (*Id.*) Second, Porter claims he grieved this issue in the 17Z Grievance, and Defendant's own Step III Grievance Report indicates that Porter filed that Grievance towards the end of August 2017, a full month after the July 28, 2017 date referenced in Porter's complaint. **(ECF No. 13-3, PageID.84.)** It also shows that Porter fully exhausted this Grievance. (*Id.*) That Report, however, does not have any information as to what the listed grievances are about or against whom they are made. **(ECF No. 13-3, PageID.84–85.)** Therefore, the 17Z Grievance could be related to Porter's remaining claim about his changed medical detail – or it could be related to something entirely different. But, without seeing the actual Grievance documents, the Court has no way of knowing with certainty. In short, the foregoing shows that Conant and Falor have not met their burden of establishing the absence of a material question of fact as to whether Porter properly exhausted his remaining claim. *See Jones*, 549 U.S. at 216.

Finally, Conant and Falor argue that Porter did not allege in his complaint that he grieved

that Conant and Falor changed his medical detail, seemingly implying that this demonstrates Porter failed to exhaust his administrative remedies. **(ECF No. 13, PageID.70.)** This argument lacks merit. As explained above (and as Defendants themselves recognize) (*Id.*, **PageID.65.**), a plaintiff need not plead exhaustion with PLRA requirements. *See Jones,* 549 U.S. at 216. Rather, failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Id.* Based on the limited evidence presently before the Court, Conant and Falor have simply not met that burden. Therefore, this aspect of Defendants' motion for summary judgment should be denied without prejudice. If Porter chooses to file an amended complaint and Defendants wish to challenge the claims raised therein based on a failure to exhaust, they should attach the underlying grievance paperwork (*i.e.*, Step I-III filings and responses) as an exhibit to their motion.

### D. Conclusion

For the reasons set forth above, the Court **RECOMMENDS** that Conant and Falor's motion for summary judgment **(ECF No. 13.)** be **GRANTED IN PART AND DENIED IN PART**. Porter's official capacity claims as pled in his complaint should be **DISMISSED**, but he should be given a reasonable period of time to file an amended complaint to clarify the nature of his remaining claims against Defendants. To the extent Defendants' instant motion is based on a failure to exhaust, it should be **DENIED WITHOUT PREJUDICE**.

Dated: November 15, 2019      s/David R. Grand
Ann Arbor, Michigan      DAVID R. GRAND
     United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 15, 2019.

s/Eddrey O. Butts
EDDREY O. BUTTS
