UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MCCONNELL PORTER**, <br><br> Plaintiff, <br><br> v. <br><br> **LORI CONANT and ROBERT FALOR**, <br><br> Defendants. | 2:18-cv-10690 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT** |

This is a *pro se* civil rights case filed by Plaintiff McConnell Porter against two Michigan Department of Corrections correctional officers, Defendants Lori Conant and Robert Falor. Porter alleges that Defendants improperly caused a medical provider at the Parnall Correctional Facility in Jackson, Michigan to alter care instructions to the effect that Porter was denied access to a wheelchair while in the chow hall and instead only permitted to use a walker.[1] The case is now before the Court on a motion for summary judgment filed by Defendants, ECF No. 13, the subsequent Report and Recommendation issued by Magistrate Judge David R. Grand on November 15, 2019, ECF No. 15,

---

[1] The other claims originally asserted by Porter in his Complaint, including those for violations of the Health Insurance Portability and Accountability Act, racial profiling, and verbal harassment were previously *sua sponte* dismissed by this Court for failure to state a claim upon which relief can be granted, as is required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

1

and Defendants' objection to that Report and Recommendation, ECF No. 16. Consistent with the Magistrate Judge's Report and Recommendation, the Court will grant in part and deny in part the motion for summary judgment. Defendants' objection to the Report and Recommendation will be overruled.

The Court has reviewed the Magistrate Judge's Report and Recommendation on Defendants' motion for summary judgment, Defendants' objection thereto, as well as the parties' briefing on the motion itself. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). Under Rule 6(d) of the Federal Rules of Civil Procedure, three days must be added to that period when service is by mail. *Ware v. Tennessee*, No. 17-6506, 2018 WL 3045467 at *1 (6th Cir. May 16, 2018). Because it appears from the record that the Report and Recommendation was served on Defendants by mail on November 15, 2019, the objection they filed on December 2, 2019 is timely. ECF No. 16 (Defendants' Objection). The district court will accordingly make a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Defendants' only objection is to the Magistrate Judge's finding that they have failed to demonstrate the absence of any material question of fact concerning whether Plaintiff properly exhausted his claim arising

2

from alleged changes to his medical detail at the Parnall Correctional Facility ("SMT"). A prisoner must exhaust all his available administrative remedies before filing a civil rights action in federal court. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). But failure to exhaust is an affirmative defense that a prisoner is not required to specifically plead or demonstrate in his or her complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Accordingly, a defendant who moves for summary judgment on the basis of failure to exhaust administrative remedies bears the burden of establishing that there is no evidence to support exhaustion. *Lee v. Willey*, 789 F.3d 673, 680 (6th Cir. 2015).

Here, Defendants assert that Plaintiff did not pursue any grievance arising from events that occurred at the SMT through Step III of the grievance-review process within the time permitted by MDOC policy. ECF No. 16, PageID.111. On that basis, Defendants contend Plaintiff could not have exhausted his administrative remedies for the claim alleging that his medical detail was inappropriately altered. *Id.* Having reviewed the evidentiary record and relevant briefing in this case, however, the Court finds there is at least a material question of fact as to whether Plaintiff exhausted available administrative remedies for his medical-detail claim. Plaintiff contends that he complained about changes to his medical detail in the SMT-17-08-1068-17Z grievance and, consistent with that statement, the MDOC's Step III Grievance Report shows that Plaintiff filed the SMT-17-08-1068-17Z grievance on August

29, 2017 and designates that grievance as exhausted. ECF No. 13-3, PageID.84. Critically, the report does not contain any information about the content of the SMT-17-08-1068-17Z grievance, or against whom it was filed. Further, neither party has submitted a copy of the SMT-17-08-1068-17Z grievance to the Court and its contents therefore remain unknown. Although Defendants interpret Plaintiff's Complaint as stating that he filed the medical-detail grievance in late September 2017 rather than in August 2017 the Court considers Plaintiff's original assertion about the timeline of his grievance to be a rough estimate. *See* ECF No. 16, PageID.111 (Objection); ECF No. 1, PageID.6 (Complaint). Additionally, the Court observes that Plaintiff filed an Amended Complaint on December 13, 2019 in which he states that his "wheel chair distance detail" was created by Physician Assistant Donna M. Rohrs on August 22, 2017 and that "[o]n that same day . . . CO Falor and CO Conant conspired to change plaintiff's medical detail from what his Medical Provider had ordered." ECF No. 17. Because Plaintiff's SMT-17-08-1068-17Z grievance was filed seven days later, on August 29, 2017, and the Step III appeal was received on November 27, 2017, it is certainly possible that this grievance addressed Plaintiff's wheelchair medical detail and that he may have has exhausted his administrative remedies relevant to this claim. For these reasons, the Court agrees with Magistrate Judge Grand that Defendants have failed to establish the

absence of any material issue of fact concerning whether Plaintiff has exhausted administrative remedies.

The Court will therefore accept the Magistrate Judge's Report and Recommendation of November 15, 2019 as this Court's findings of fact and conclusions of law. Accordingly, the Report and Recommendation, ECF No. 15, is hereby **ADOPTED**. Defendants Lori Conant and Robert Falor's objection, ECF No. 16, is **OVERRULED**. Their motion for summary judgment, ECF No. 13, is accordingly **GRANTED IN PART AND DENIED IN PART**. The motion for summary judgment is **GRANTED** as to Plaintiff McConnell Porter's official capacity claims, which are **DISMISSED WITH PREJUDICE**. The Court will accept the Amended Complaint filed by Plaintiff on December 13, 2019. ECF No. 17. To the extent Defendants' motion for summary judgment is based on Porter's alleged failure to exhaust administrative remedies, the motion is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: January 10, 2020     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE